(Hamilton County Common Pleas.)

## ANDREW MURPHY v. THE CITY OF CINCINNATI.

A cause of action for damages against the city for wrongfully appropriating plaintiff's property in improving a street, and another cause of action for the recovery of money paid on an assessment wrongfully made by the city on the remaining land for the street assessment and asking for an injunction, are causes arising from the same transaction, and may properly be joined in one action.

---

SPIEGEL, J.

Defendant, the city of Cincinnati, demurs to the petition in this cause filed because several causes of action stated therein are improperly joined. Plaintiff in his first cause of action, alleges that the city wrongfully, without notice to him, appropriated a certain part of his real estate for street purposes, for which he asks damages in the sum of $500.00.

In his second cause of action plaintiff alleges, that the city, after making said street, levied an assessment upon the abutting real property, wrongfully as he claims, which he paid, in the sum of $34.09, and for which sum he asks judgment. In his third cause of action plaintiff alleges the same state of facts as to a second assessment for $71.83 for which he also asks judgment, and a restraining order against all further assessments.

Old section 5019, now 5022 of the Revised Statutes, provides, that the plaintiff may unite several causes of action in the same petition, whether they are legal or equitable, when they are included in the same transaction or trans-

actions connected with the same subject of action. Judge Swan, in Sturges v. Burton (8 O. S 218) lays down the following rule, which has been followed in all code states: "By the provisions of the code the plaintiff may unite in one action all causes of action arising from the same transaction, or transactions connected with the same subject of action; and this in-cludes causes of action legal and equitable, *ex contractu* and *ex delicto*. But if the causes of action do not arise from the same transaction or transactions connected with the same sub-jcet of action, the causes of action *ex contractu* can not, in general, be united with the causes of action *ex delicto.*"

The first question to be determined is, were these different causes of action included in the same transaction or transactions connected with the same subject of action.

Plaintiff claims that a part of his real prop-erty is illegally appropriated by the city for street purposes, and that thereafter the remain-der of his real property is assessed for the making of this same street. There are sev-eral causes of action includeu in transactions connected with the same subject of action. It is true that the first cause of action sounds in tort, but I doubt whether the assessments, levied by the city upon plaintiff, which he com-plains are illegal, establish a contractual rela-tion between him and the city. At the most, plaintiff has united legal and equitable causes of action in his petition, which is clearly per-missible under the statute, when they are in-cluded in the same transaction, connected with the same subject of action. But even were different causes of action, one sounding in tort and the other in contract, united, if included in the same transaction, as in this case, this would be proper pleading.

Upou either proposition the demurrer must be overruled, and leave is granted defendant to plead further.